Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
John P. Bovich (SBN 150688)
Email: jbovich@reedsmith.com
David T. Pollock (SBN 217546)
Email: dpollock@reedsmith.com
Seth B. Herring (SBN 253907)
Email: sherring@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Applicant SIEMENS AG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SIEMENS AG, a Germany Corporation,

Applicant,

WESTERN DIGITAL CORPORATION, a California Corporation,

Respondent.

Case No. 8:13-mc-20-UA-AJW

**DECLARATION OF DAVID POLLOCK IN SUPPORT OF SIEMENS AG'S MOTION TO ENFORCE JUDGE SNYDER'S AUGUST 1, 2013 ORDER**

Date: October 7, 2013
Time: 10:00 a.m.
Place: Courtroom 5
312 North Spring Street
Los Angeles, CA 90012

Application Filed: July 31, 2013

Honorable Christina A. Snyder

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, David T. Pollock, hereby declare as follows:

1.     I am an attorney at law licensed to practice before the courts of the State of California and the Central District of California and a partner at Reed Smith LLP, attorneys for Applicant SIEMENS AG, a Germany Corporation. ("Siemens").  I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify to them.

2.     On July 31, 2013, Siemens AG filed with the Court an Application to Take Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 (Dkt. Item 1, (the "Application")).

3.     The Application requested documents, interrogatory responses, and depositions (the "Requested Discovery") from Western Digital Corporation and related entities ("Western Digital") for use in a patent infringement suit against Western Digital in Germany, captioned *Siemens AG v. Western Digital Corporation et al.*, Landgericht Dusseldorf, Case No. 4b O 107/12 (id. at 1-8).

4.     On July 31, 2013, Siemens served a copy of the Application upon Western Digital and requested that Western Digital indicate by August 5, 2013 whether it agreed to provide the Requested Discovery or, if it did not agree, to provide a time on August 7, 2013 on which the parties could discuss the Application.  The letter attaching the Application is attached hereto as Exhibit 1 (the "July 31 Letter").

Case No. 8:12-mc-20-UA-AJW                         – 1 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

5. On August 5, 2013, Jesse Mulholland, the Director of IP Litigation for Western Digital, left a voicemail message with my colleague Seth Herring confirming receipt of the July 31 Letter and stating that Western Digital did not have a definitive answer to that letter and needed more time to evaluate its contents.

6. On August 6' 2013, Mr. Herring and I left a voicemail with Mr. Mulholland requesting a meeting and informing him that the Court had granted the Application.

7. On August 7, 2013, Mr. Mulholland sent an email to Siemens' counsel requesting a copy of the order granting Siemens' Application and I responded with an email attaching the requested order. That email correspondence, in addition to the order itself, is attached hereto as Exhibit 2.

8. On August 9, 2013, Gregory Cordrey of Jeffer Mangels Butler & Mitchell LLP left a voicemail and sent an email stating that he would be representing Western Digital in connection with the Application. Counsel corresponded via email on August 12, 2013 and that correspondence is attached hereto as Exhibit 3 (the "August 12 Email Chain").

9. In the August 12 Email Chain, Siemens requested that Western Digital provide "dates for the discovery responses and deposition sometime this week so we can begin to make plans," or alternatively, "when you expect to be in a position to

give us the dates." Mr. Cordrey requested more time to look into the Requested Discovery and proposed a teleconference on August 16, 2013 (*id.*).

10. During the August 16 teleconference, Siemens proposed mid-September as the date by which Western Digital would provide the Requested Discovery and Mr. Cordrey did not object. The parties discussed: (1) entry of a protective order; (2) the possibility of limiting the requested deposition topics if Western Digital responded fully to the document requests and interrogatories; (3) damages discovery; and (4) the definitions of "Western Digital" and "affiliates" in the Requested Discovery. The parties also agreed to again meet and confer on August 23, 2013.

11. During the August 23 telephonic meet and confer, counsel for Western Digital stated that by August 29, he would be able to tell us which categories of documents and interrogatories WD would be willing to provide. Siemens requested a written assurance of this information, to which Mr. Cordrey had no objection. Siemens also restated that it expected Western Digital's document production to begin mid-September, to which Mr. Cordrey also had no objection. The parties also discussed a protective order and Siemens stated that it would send a draft protective order to Western Digital.

12. On August 28, 2013, Siemens sent an email confirming the previous meet and confer efforts and stating that on the teleconference scheduled for August

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

29, Siemens looked forward to Western Digital's "identification of the categories of documents and interrogatories for which WD will agree to provide responsive, non-privileged information and a date for that provision" and to "discussing whether WD still believes there are categories of the Court-ordered document production and interrogatory responses that are not required at this time and, if so, whether the parties can resolve any such issues." Siemens was also clear that it did not waive any of its rights under the Court's order granting the Application, and reiterated that WD was "obligated to provide all the requested information." Mr. Cordrey replied via email on the same day, and that email chain is attached as Exhibit 4.

13. The parties again met and conferred telephonically on August 29, 2013. Western Digital proposed to narrow the scope of the Court-ordered discovery to include only the products and parties currently in the German Action and for the time period after December 2008 – Siemens did not agree. Western Digital orally committed to begin a rolling production of a limited set of non-damages documents in mid-September and provide related interrogatory responses. Western Digital also committed to provide as soon as possible but by no later than September 4, an email stating what other discovery it would provide and a date for that provision, and what discovery it would not provide. The parties also discussed a possible compromise regarding damages-related discovery.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 8:12-mc-20-UA-AJW – 4 –
David Pollock Declaration In Support of Siemens AG's Memorandum of Points and Authorities

14. Later on August 29, Siemens sent a draft protective order, based upon the Northern District of California Model Order, to Western Digital. A copy of that email is attached hereto as Exhibit 5.

15. On August 30, 2013, I sent an email to Mr. Cordrey confirming the previous meet and confer discussions and stating that Siemens "would like to resolve these scope issues as soon as possible – either by agreement or, if no agreement can be reached, by determining the exact boundaries of the parties' disagreement on our next call, for prompt resolution by the Court ," and that Siemens "maintains its position that it is entitled to all Court-ordered discovery and, as previously indicated, we have engaged in this discussion in the spirit of compromise. Siemens reserves all rights to pursue all remedies under the Court's Order." A copy of that email is attached hereto as Exhibit 6.

16. On September 4, instead of receiving the email that would determine the dates and exact boundaries of the discovery that Western Digital would and would not provide, I received from Mr. Cordrey an email stating:

> "It is taking me longer than I anticipated to coordinate with everyone on this end in order to respond to your email and provide you with WD's positions.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

There are differences between WD's positions and those you have described (in your August 30 email). I will clarify those differences in subsequent correspondence.

I am hopeful that I will be in a position to respond to you by early next week. Until then, I suggest we move our call back a week."

A copy of that email chain is attached hereto as Exhibit 7.

17. On August 17, 2013 the court in Germany set a deadline of December 31, 2013 for Siemens' counterpleading/replication (Replikfrist) against WD. I am informed and believe that this document must contain all of Siemens' claims against each one of WD's infringing products, including all technical support for such claims. As such, Siemens needs the requested information immediately, so that it can analyze the information, determine whether WD has in fact complied with the Order, follow up if necessary, and organize the information for use in the counterplea. I am also informed and believe that in order to join an additional defendant in the Germany Action, Siemens will need to have received and reviewed the ordered information regarding WD's sales channels by mid-November 2013.

/

/

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 9th day of September 2013, at San Francisco, California.

David T. Pollock

REED SMITH LLP
A limited liability partnership formed in the State of Delaware