UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 8:13-cv-01407-CAS-(AJWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | SIEMENS AG V. WESTERN DIGITAL CORPORATION | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Lisa Gonzalez | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| John Bovich | Gregory Cordrey |

**Proceedings:** SIEMENS AG'S MOTION TO ENFORCE AUGUST 1, 2013 ORDER GRANTING SIEMENS AG'S APPLICATION FOR DISCOVERY IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 (dkt. 6, filed September 9, 2013)

WESTERN DIGITAL'S MOTION TO QUASH NOTICE OF DEPOSITION (dkt. 11, filed September 16, 2013)

## I. INTRODUCTION AND BACKGROUND

On July 31, 2013, petitioner Siemens AG ("Siemens") filed an application to take discovery pursuant to 28 U.S.C. § 1782. Siemens is currently pursuing a patent infringement lawsuit in Germany (the "German patent action") against respondent Western Digital Corporation ("WD"). In the German patent action, Siemens alleges that WD, as well as its subsidiaries and affiliates, distributed computer hard drives in Germany, and that these hard drives utilized sensors which infringe one of Siemens' German patents. Through this application, Siemens seeks to obtain discovery for use in prosecuting the German patent action. Siemens requests eight separate categories of information from WD.

The Court initially granted Siemens' application on August 1, 2013. On September 9, 2013, Siemens filed a motion to enforce the Court's order granting the application. On September 16, 2013, WD simultaneously opposed Siemens' motion to enforce, and filed its own motion to quash the application. On September 30, 2013, Siemens opposed the motion to quash. On October 7, 2013, Siemens replied in support of its motion to enforce, and WD replied in support of its motion to quash. On October 9, 2013, the Court directed the parties to file a joint discovery stipulation pursuant to Local

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 8:13-cv-01407-CAS-(AJWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | SIEMENS AG V. WESTERN DIGITAL CORPORATION | | |

Rule 37-2. The parties filed the joint stipulation on October 21, 2013. On November 4, 2013, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1782, a district court may order a person residing or found within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 246-47 (2004). The statute may be invoked where (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." See Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376 F.3d 79, 83 (2d Cir. 2004).

A district court is not required to grant the application, but instead retains discretion to determine what discovery, if any, should be permitted. Intel, 542 U.S. at 264. In exercising that discretion, the court should consider the following nonexhaustive list of factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." Intel, 542 U.S. at 264-65.

A district court's discretion is to be exercised in view of the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to courts in the United States. See Schmitz, 376 F.3d at 84. There is no requirement that the party seeking discovery establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. See Intel, 542 U.S. at 247, 261-63.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 8:13-cv-01407-CAS-(AJWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | SIEMENS AG V. WESTERN DIGITAL CORPORATION | | |

## III. DISCUSSION

### A. Statutory Requirements

The Court begins by finding that Siemens' application meets the statutory requirements set forth in 28 U.S.C. § 1782.  First, WD resides in the Central District of California.  Second, Siemens' application seeks information for use in the German patent action.  Third, Siemens is a litigant in the German patent action, and is thus an "interested person" under the statute.  See Intel, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782.").

### B. Discretionary Factors

#### 1. Whether the person from whom discovery is sought is a participant in the foreign proceeding

The first discretionary Intel factor turns on whether the entity from whom discovery is sought is currently a participant in the foreign proceeding where the discovery would be used.  "[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence."  Intel, 542 U.S. at 264.  Here, WD is a defendant in the German patent action.  WD accordingly argues that the first factor counsels against granting discovery, because WD is subject to the jurisdiction of the German court.

Siemens responds that, although WD is a party to the German patent action, the German court system does not provide Siemens with the necessary discovery mechanisms.  In particular, Siemens supplies a declaration from a German lawyer, Max von Rospatt, to support its argument that German courts cannot compel the production of documents from foreign entities such as WD.  See, e.g., Rospatt Decl. ¶¶ 20–22.  WD rejects Siemens' description of German law, and argues that German courts can compel production from WD's German subsidiary, WD GmbH.  See, e.g., Supp. Wolters Decl. ¶¶ 8–10 (declaration of WD's German law expert).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | 8:13-cv-01407-CAS-(AJWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | SIEMENS AG V. WESTERN DIGITAL CORPORATION | | |

"This [C]ourt does not believe it is necessary to make findings as to whose expert correctly characterizes German law and procedure." Cryolife, Inc. v. Tenaxis Med., Inc., 2009 WL 88348 at *3 (N.D. Cal. Jan. 13, 2009) (analyzing the first Intel factor in a case where the "parties disagree whether the German court actually has the authority to compel [the defendant] to produce the discovery sought"); see also Euromepa, S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1099 (2d Cir. 1995) ("The record reveals that this litigation became a battle-by-affidavit of international legal experts . . . . [W]e do not read the statute to condone speculative forays into legal territories unfamiliar to federal judges."). Accordingly, the Court concludes that the first Intel factor is neutral, and does not favor either Siemens or WD.

>    2. The nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance

The second Intel factor asks whether the foreign court is willing to consider the information sought. Cf. Schmitz v. Bernstein Liebhard & Lifshitz, LLP., 376 F.3d at 84 (denying discovery where "the German government was obviously unreceptive to the judicial assistance of an American federal court"). Here, Siemens avers that any discovery gleaned via § 1782 would be considered by the court in the German patent action. See, e.g., Rosplatt Decl. ¶ 23.

WD responds that Siemens has not satisfied its burden of proof in showing the receptivity of German courts to U.S. assistance. However, when evaluating whether foreign tribunals would accept U.S. assistance, courts look for "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782." Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d at 1100 (emphasis added). Here, WD has supplied no such authoritative proof. Accordingly, the Court concludes that the second Intel factor favors Siemens.

>    3. Whether the discovery request is an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States

The third Intel factor inquires whether the applicant is attempting to use § 1782 to bypass foreign proof-gathering restrictions. "[A] perception that an applicant has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | 8:13-cv-01407-CAS-(AJWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | SIEMENS AG V. WESTERN DIGITAL CORPORATION | | |

'side-stepped' less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." In re Cathode Ray Tube (CRT) Antitrust Litig., MDL 1917, 2013 WL 183944 (N.D. Cal. Jan. 17, 2013).

      German law bifurcates patent infringement actions into a liability stage and a damages stage. The German patent action is currently in the liability stage, and is set to proceed to trial on liability in March 2014. Siemens' discovery requests, however, pertain to both liability and damages. WD advances separate arguments that Siemens' liability requests and damages requests both represent attempts to circumvent German proof-gathering restrictions.

      With respect to Siemens' requests for discovery relevant to liability, WD argues that Siemens is attempting to sidestep German law's procedures for discovery on liability. In particular, WD argues that German law confers on patent infringement plaintiffs the right to inspect materials and documents only after making a threshold showing that those materials or documents are relevant to a finding of infringement. WD contends that Siemens' requests are an attempt to avoid having to make this threshold showing. See, e.g., Joint Stip. 20.

      The Court finds this argument unpersuasive. As a general matter, discovery under § 1782 need not mimic the discovery procedures of the foreign jurisdiction. "A foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions—reasons that do not necessarily signal objection to aid from United States federal courts." Intel, 542 U.S. 241 at 261; see also Mak v. Grover, 2012 WL 2906761 (N.D. Cal. July 16, 2012) ("The Supreme Court has consistently held that § 1782 does not contain a "foreign-discoverability requirement"—i.e., there is no requirement that the information sought be discoverable under the law governing the foreign proceeding."). Even if Siemens is attempting to bypass the technical requirements of German discovery, the Court is unpersuaded that these technical requirements constitute "foreign proof-gathering restrictions." Construing the third Intel factor so broadly would contradict the Supreme Court's express command that § 1782 contains no "blanket foreign-discoverability rule." Intel Corp., 542 U.S. 241 at 260. Accordingly, the Court concludes that the third Intel factor favors Siemens with respect to its requests for liability discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**　　　　JS-6

| Case No. | 8:13-cv-01407-CAS-(AJWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | SIEMENS AG V. WESTERN DIGITAL CORPORATION | | |

Next, WD also objects to Siemens' requests for damages discovery. As discussed previously, German law bifurcates patent infringement actions into a liability phase and a damages phase. As relevant here, a plaintiff is not entitled to any discovery on damages until it prevails in the liability phase. In the German patent action, however, Siemens has not yet prevailed on liability. Accordingly, WD argues that Siemens' damages-discovery requests are an attempt to circumvent the proof-gathering restrictions imposed by bifurcation.

The Court agrees. Unlike the technical discovery procedures discussed above, the German law requirement that a plaintiff prove liability before seeking damages discovery appears to be just the type of "foreign proof-gathering restriction[]" contemplated by Intel. In particular, the Court concludes that permitting Siemens to prematurely gather discovery information would "would undermine [the] specific policy" underlying German law's bifurcations of patent infringement actions. In re Application of Procter & Gamble Co., 334 F. Supp. 2d 1112, 1116 (E.D. Wis. 2004) ; cf. Cryolife, Inc. v. Tenaxis Med., Inc., 2009 WL 88348 (N.D. Cal. Jan. 13, 2009) ("There seems to be no serious dispute that, under German procedure, this essentially is damages-related information to which Cryolife would not be entitled unless and until the German court finds that there has been infringement."). Accordingly, the Court finds that Siemens is not entitled to damages discovery at this stage in its prosecution of the German patent action.[1]

Because the Court has concluded that Siemens is not entitled to damages discovery, the Court now turns to the question of which of Siemens eight requests pertain to damages, and which pertain to liability. The parties appear to agree that requests 1, 2, 3, 6, and 7 pertain to liability, and that requests 5 and 8 pertain to damages. See Joint Stip. 3–7, 15–22.

The parties dispute whether request 4 pertains to liability or damages. Request 4 seeks information identifying "each affiliate, distributor, or customer of Western Digital that has sold or imported an Accused Product into Germany since June 8, 1996, either

---

[1] Siemens suggests that the Court could order damages discovery now, but not require WD to actually turn over the discovery until and unless Siemens prevails on liability in the German patent action. The Court declines to adopt this suggestion because the appropriate scope of damages related discovery may depend on the precise findings reached during the liability stage of the German patent action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 8:13-cv-01407-CAS-(AJWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | SIEMENS AG V. WESTERN DIGITAL CORPORATION | | |

directly or indirectly, and to identify the particular Accused Product(s) each such affiliate distributor, or customer has so sold or imported." Siemens contends that this request pertains to liability because it relates to "whether a particular entity is liable for infringement, not the amount of damages it might owe if infringement is found." Joint Stip. 4. WD, by contrast, argues that request 4 pertains to damages because the liability of other entities is not at issue in the German patent action. WD therefore contends that request 4 will only be relevant to calculating Siemens' damages in the event Siemens prevails on liability. Siemens responds that request 4 could provide information leading it to join new defendants to the liability stage of the German patent action. The Court finds Siemens' argument on this score persuasive. In particular, at oral argument, counsel for Siemens represented to the Court that request 4 only pertained to the identity of entities who may have distributed the allegedly infringing hard drives, rather than pertaining to the financial information of those entities. Accepting this representation as true, the Court therefore finds that request 4 pertains to liability.

In sum, the Court concludes that the third Intel factor counsels in favor of granting Siemens liability discovery, but that Siemens is not entitled to damages discovery. The Court therefore finds that Siemens should not receive discovery in response to requests 5 and 8.

4. Whether the discovery requested is unduly intrusive or burdensome

The last Intel factor focuses on whether the discovery requests are "unduly intrusive or burdensome." Here, WD advances several arguments for why Siemens' requests are overly burdensome. First, WD argues that requiring it to produce information from its "affiliates" would be highly onerous. Second, WD argues that § 1782 does not permit the use of interrogatories. Third, WD argues that Siemens' requests are improperly duplicative because they seek the same information through document requests, interrogatories, and depositions. Fourth, WD contends that Siemens' requests are overly burdensome because they could lead to the public distribution of WD's confidential information. The Court addresses each of these arguments in turn.

First, WD argues that it should not be required to produce information from its "affiliates." Siemens' requests 4 and 5 seek information concerning WD's affiliates, which are broadly defined to include "any individual, trust, corporation, . . . or other legal entity that controls, is controlled by or is under common control with or by" WD. As

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 8:13-cv-01407-CAS-(AJWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | SIEMENS AG V. WESTERN DIGITAL CORPORATION | | |

discussed above, the Court has already concluded that request 5 pertains to damages, and is thus improper at this stage. Furthermore, because request 4 only seeks the identity of WD's "affiliates," rather than more detailed financial or technical information, the Court concludes that request 4 is not overly burdensome.

Second, WD argues that § 1782 does not permit the use of interrogatories. Section 1782 authorizes district courts to order a person or entity to "give his testimony or statement, or to produce a document or other thing." Because this statutory language refers only to testimony and the production of documents, WD reasons by negative implication that § 1782 does not permit district courts to require parties to respond to interrogatories. The Court agrees. "28 U.S.C. § 1782(a) authorizes the taking of depositions and discovery of documents and other physical evidence. There is no authority however, for a court to order a 'person' within the district (party of nonparty) to respond to interrogatories or RFAs." Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 11:1298 (The Rutter Group 2013).

Third, WD argues that the requests are improperly duplicative because they seek the same information through document requests, interrogatories, and depositions. As discussed above, § 1782 does not authorize the use of interrogatories. With respect to document requests and depositions however, WD offers no explanation for why discovery through multiple mechanisms would be "unduly intrusive or burdensome." As Siemens argues, it is common practice for U.S. courts to allow parties to take discovery using multiple discovery tools simultaneously. Moreover, § 1782 authorizes the Court to order both the giving of testimony and the production of documents. Accordingly, the Court concludes that Siemens' requests are not improperly duplicative.

Lastly, WD contends that Siemens' requests seek confidential WD information, and that granting Siemens discovery without appropriate safeguards would risk disseminating that information. In particular, WD notes that any information that is disclosed to the German courts may become part of the public record of those proceedings, and that this Court would then not be able to control the distribution or use of that information.

Siemens responds that it is willing to enter into a stipulated protective order to ensure the confidentiality of WD's information, and represents that it has already provided WD with a proposed protective order. WD objects that the proposed protective

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 8:13-cv-01407-CAS-(AJWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | SIEMENS AG V. WESTERN DIGITAL CORPORATION | | |

order is inadequate, most importantly because the order would have "no effect at the hearing in" the German patent action. Joint Stip. 15. Accordingly, WD asks that the Court require Siemens to obtain a separate protective order from the German courts.

At oral argument, counsel for Siemens represented to the Court that (1) German judicial proceedings were confidential by default and (2) Siemens would join WD in seeking a protective order from the German court to ensure that the proceedings remained confidential. At this juncture, Siemens' willingness to seek a German protective order appears to address WD's concerns about confidentiality in the German proceedings. Cf. Cryolife, Inc. v. Tenaxis Med., Inc., C08-05124 HRL, 2009 WL 88348 (N.D. Cal. Jan. 13, 2009) ("At oral argument, Tenaxis agreed that its concerns would be sufficiently addressed if the parties enter an agreement-enforceable in this court, if not in Germany-that Cryolife will not use in the German action any discovery obtained under § 1782 unless it first obtains a ruling from the German court that the material will be kept confidential.").

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS IN PART AND DENIES IN PART Siemens' Motion to Enforce. The Court further GRANTS IN PART AND DENIES IN PART WD's Motion to Quash. Siemens' motion is granted as to requests 1, 2, 3, 4, 6, and 7, and is denied as to requests 5 and 8. Siemens' motion is also denied as to the use of interrogatories.

In addition, the Court hereby directs the parties to jointly seek a protective order in the German patent court. The parties shall also jointly submit to the Court a proposed domestic protective order for this proceeding no later than **November 18, 2013.** WD shall produce the requested documents no later than **December 16, 2013.** Siemens may move for an expedited production schedule if it is unable to obtain an extension of its pending deadlines in the German patent court.

IT IS SO ORDERED.

|  | 00 | : | 16 |
|---|---|---|---|
| Initials of Preparer | CMJ | | |