UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-01407-CAS(AJWx) | Date | April 17, 2014 |
|---|---|---|---|
| Title | SIEMENS AG V. WESTERN DIGITAL CORPORATION | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) SIEMENS AG'S MOTION TO REVIEW MAGISTRATE JUDGE'S ORDER (Dkt. 73, filed March 14, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of April 21, 2014, is vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION AND BACKGROUND**

On July 31, 2013, petitioner Siemens AG ("Siemens") filed an application to take discovery pursuant to 28 U.S.C. § 1782. Siemens is currently pursuing a patent infringement lawsuit in Germany (the "German patent action") against respondent Western Digital Corporation ("WD"). In the German patent action, Siemens alleges that WD, as well as its subsidiaries and affiliates, distributed computer hard drives in Germany, and that these hard drives utilized sensors which infringe one of Siemens' German patents. Through this application, Siemens seeks to obtain discovery for use in prosecuting the German patent action.

On November 4, 2013, the Court granted in part and denied in part Siemens' motion to enforce its application to take discovery. Dkt. 25. The Court further directed that further discovery disputes should be heard before the magistrate judge assigned to this matter. Dkt. 28 at 8 (transcript of November 4, 2013 hearing). Subsequently, on February 20, 2014, Siemens filed a motion before magistrate judge, seeking to enforce this Court's November 4, 2013 order. Dkt. 50. On February 28, 2014, the magistrate judge denied Siemens' motion. Dkt. 68.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-01407-CAS(AJWx) | Date | April 17, 2014 |
|---|---|---|---|
| Title | SIEMENS AG V. WESTERN DIGITAL CORPORATION | | |

On March 14, 2014, Siemens filed a motion for review of the magistrate judge's order denying Siemens' motion to enforce. Dkt. 73. On March 31, 2014, WD opposed the motion for review, and on April 7, 2014, Siemens replied. Dkts. 76, 78. After considering the parties' arguments, the Court finds and concludes as follows.

**II.    ANALYSIS**

Siemens moves only for review of one portion of the magistrate judge's order. As part of its discovery efforts, Siemens seeks information relating to WD's wholly-owned subsidiary HGST. Siemens argues that its initial application to take discovery defined "Western Digital to mean "Western Digital Corporation or any of its subsidiaries, divisions, predecessors or successors-in interest, affiliates, parents, officers, directors, employees, agents, contractors, and other persons controlled by, cooperating with, or acting on behalf of Western Digital Corporation." Dkt. 1, at 1 n.2. Siemens contends that HGST falls within this definition. Because the Court previously granted Siemens' application to take liability-related discovery, Siemens contends that it is entitled to liability-related discovery from HGST. WD, however, has refused to turn over discovery from HGST.

On February 28, 2014, the magistrate judge denied Siemens' motion to compel WD to, among other things, turn over discovery from HGST. The magistrate judge's ruled on the HGST issue as follows:

> As to technical information regarding products made by WD's affiliate HGST, the motion is denied. The November 4, 2013 order apparently contemplates that such affiliates will merely be identified, not that other documents will be produced concerning them. [November 4, 2013 Order at 6-8; Transcript of November 4, 2013 Hearing at 6]. If Siemens wanted documents from HGST, apparently a large entity of which Siemens presumably was well aware, it should have asked for them more clearly and openly than it did. Moreover, it appears that granting this aspect of the motion would substantially increase the scope of WD's production. Finally, the only purpose articulated by Siemens during the hearing for that expansion is not to obtain information relevant to existing claims or defenses, but rather to identify new potential defendants and potentially infringing products made by them. See Fed. R. Civ. P. 26(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-01407-CAS(AJWx) | Date | April 17, 2014 |
|---|---|---|---|
| Title | SIEMENS AG V. WESTERN DIGITAL CORPORATION | | |

Dkt.68 at 2. Siemens argues that this ruling is inconsistent with the Court's November 4, 2013 order, and should be reversed.

Under Fed. R. Civ. P. 72(a), a district court reviews nondispositive orders by magistrate judges to determine whether they are " clearly erroneous or . . . contrary to law." See also 12 Fed. Prac. & Proc. Civ. § 3069 (2d ed.) (explaining that "it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge"); Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").

The Court finds that the magistrate judge's order is not " clearly erroneous or . . . contrary to law." As the magistrate judge's order indicates, Siemens has been less than clear about its desire to take discovery from HGST. Siemens buried the broad definition of Western Digital that allegedly encompasses HGST within a footnote in its initial application. Nor did Siemens directly identify HGST—which is, as the magistrate judge puts it, "apparently a large entity of which Siemens presumably was well aware"— when initially litigating this matter before the Court. Under such circumstances, the magistrate judge did not abuse his discretion by denying Siemens' motion.

### III.   CONCLUSION

In accordance with the foregoing, Siemens' motion is hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |